Affirmed and Opinion filed December 31, 2002









Affirmed and Opinion filed December 31, 2002.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-01092-CR

____________

 

JOHN MICHAEL MARTINEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 878,291

 



 

O P I N I O N

John Michael Martinez appeals his conviction for deadly
conduct.  He asserts the trial court
erred in admitting certain out-of-court statements.  Because we conclude the alleged error, if
any, was harmless, we affirm the trial court=s judgment.

                                                  I. 
Factual Background

Officers Towns and Rowan of the Houston Police Department
responded to a family disturbance call from a residence in northeast
Houston.  The officers traveled in
separate patrol cars with Officer Towns in the lead.  When the officers  arrived at the scene, they saw appellant back
out of the driveway in a pick-up truck. 
Officer Towns stopped the truck so that he could determine whether
appellant was involved in the disturbance. 
Meanwhile, Officer Rowan parked his patrol car behind Officer Towns=s car and stood behind Officer Towns
as a precautionary measure.  

Officer Towns noticed that appellant=s eyes were bloodshot and that
appellant smelled of alcohol.  After
determining that appellant lived at the house, the officers decided to detain
him.  At that point, appellant=s wife, driving a minivan, pulled up
behind them.  Appellant=s wife appeared to be frightened.  Her voice was shaky.  She identified appellant as her husband and
said, Awe called the police.@ 
Appellant=s seventeen-year-old son was sitting in the minivan=s passenger seat,  and appellant=s fifteen-year-old daughter and
seven-year-old son were in the back seat. 
When Officer Towns asked what had happened, appellant=s older son pointed to appellant and
said, AThat=s my dad.  He shot at us.@ 
Officer Towns then asked appellant=s older son a few questions about the
gun and learned that it was still in the house.

            Officer
Towns noticed that the front door of the house was ajar.  He saw the rifle leaning against the wall
just inside the doorway.  Officer Towns
returned to his patrol car with the gun so that he could watch appellant, who
was in the backseat of  the patrol car,
while Officer Towns looked for a serial number on the gun.  As Officer Towns was looking for a serial
number, appellant blurted out, AThat=s not my gun, it=s my brother-in-law=s. 
I just shot at them because I was pissed.@ 








Meanwhile, Officer Rowan was collecting evidence.  After finding a spent bullet in the house, a
spent bullet in the minivan, and a bullet hole on the driver=s side of the minivan, Officer Rowan
decided to get a detailed account of the events leading up to the
shooting.  He conducted separate
interviews of appellant=s wife, appellant=s older son, and appellant=s daughter.  Following the interviews, the officers
arrested appellant.  

Charged by indictment with the offense of deadly conduct,
appellant pleaded not guilty.  The jury
found appellant guilty, and, after appellant pleaded true to enhancement
paragraphs regarding two prior convictions, the jury assessed punishment at 25
years= confinement in the Texas Department
of Corrections, Institutional Division.

                                               II.  Analysis and Discussion

Appellant=s sole issue on appeal is whether the trial court abused its
discretion in admitting the out-of-court statements of appellant=s wife and older son.  Improper admission of evidence does not
constitute reversible error when the same facts are proved by evidence that did
not draw an objection.  See Tex. R. App. P. 44.2; Leday v. State, 983 S.W.2d 713, 717
(Tex. Crim. App. 1998).  In this
case, even if the trial court erred in admitting the out-of-court statements of
appellant=s wife and older son, it was not
reversible error because the trial court admitted other evidence without
objection that proved appellant shot at his family.[1]








First, Officer Towns testified, without objection, that
appellant blurted out, AI just shot at them because I was pissed.@ 
Second, although both officers testified as to the older son=s statement from the minivan that
appellant had shot at the family, appellant failed to timely object when
Officer Towns testified to the son=s statement.  At trial, Officer Towns testified immediately
before Officer Rowan testified.  The
following exchange occurred:  

State:  Now, after the driver had said something, did
he [appellant=s son] just interject or was he spoken to?

Officer Towns:  No. 
After the driver had asked B after
the driver had told us that B that they had called the police and that was her
husband, I asked what happened.  And the
front passenger stated that C  

Defense Counsel:  Objection B 

Officer Towns:  AThat=s my dad.  He
shot at us.@

Court:  Overruled.

State:  Repeat that. 
What did he say?

Officer Towns:  He said, AThat=s my dad, he shot at us.@

State: Did
he point at B 

Officer Towns:  He pointed at his dad.

State:  He said what now?

Officer Towns:  AHe shot
at us.@  And I said, AHow did he shoot at you?@  He said, AWith a
gun.@  I said, AWhat kind of gun?@  He said, AA rifle.@  I said, AWhere is the rifle at?@  He said, AIt=s in the house.@  And at that point we moved the scene over to
the house.

State:  I=ll stop
you there.

Defense Counsel:  Judge, the defense requests a
running objection on the basis of hearsay for all the statements allegedly made
by the wife and the son at this time. 

Court:  You may have
your objection.

 








After the trial court overruled appellant=s first hearsay objection, appellant
did not timely object when the State twice asked Officer Towns to repeat what
appellant=s son had said.  To timely object, a party must object to the
evidence, if possible, before it is actually admitted.  Ethington
v. State, 819 S.W.2d 854, 858B59 (Tex. Crim. App. 1991).  If this is not possible, then the party must
object as soon as the objectionable nature of the evidence becomes apparent and
must move to strike the objectionable evidence that already has been admitted.  Id. 
Although counsel may utilize a running objection to satisfy the
requirement that counsel object to inadmissible evidence every time it is
offered, the running objection still must be timely.  Id.

Here, after the trial court overruled appellant=s first hearsay objection, the State
repeated the same question twice, and Officer Towns testified in detail as to
the older son=s statements, without any objection
from appellant.  Although appellant
eventually asserted a running objection, he did not do so until after Officer
Towns had testified as to the older son=s statements and after the State had
told its witness, AI=ll stop you there.@ 
The objectionable nature of the evidence was apparent from the State=s question, ARepeat that.  What did he say?@and thus appellant=s running objection came too
late.  Moreover, even after the
objectionable nature of the evidence became apparent, appellant did not move to
strike it.  See id.  The standard set by our high court for
the timely assertion of objections is quite demanding and most
unforgiving.  See Lagrone
v. State, 942 S.W.2d 602, 617B18 (Tex. Crim. App. 1997) (holding
that after-the-fact objection was untimely where appellant=s counsel  objected after prosecutor had spoken only
four words following the testimony in question). Applying this standard to the
testimony and objection now before us, we must conclude that appellant failed
to preserve error because he did not make a timely objection and because he did
not move to strike this testimony by Officer Towns.  See Tex.
R. App. P. 33.1; Lagrone, 942
S.W.2d at 617B18; Ethington,
819 S.W.2d at 858B59.

III.            
Conclusion

Appellant=s older son=s statement and appellant=s own statement were admitted without
objection.  This testimony showed that
appellant shot at his family.  Therefore,
even if the trial court erred by elsewhere admitting statements to this effect,
this error was harmless because the same facts were admitted in evidence 
without objection.  See Leday, 983 S.W.2d at 717.  Accordingly, we overrule appellant=s sole issue and affirm the trial
court=s judgment.

 

 

/s/        Kem
Thompson Frost

Justice

 

 

 

Judgment rendered and Opinion
filed December 31, 2002.

Panel consists of Justices Yates,
Anderson, and Frost.

Do Not Publish C Tex. R. App.
P. 47.3(b).

 











[1]  Appellant
complains that the trial court permitted the officers to testify that appellant=s wife and appellant=s son
told the officers that appellant fired a gun at the minivan they occupied.  However, appellant does not complain of the
admission of a specific statement by his wife, and there is no out-of-court
statement in the record in which appellant=s wife
stated appellant shot at the minivan.  Appellant does not refer to Officer Rowan=s testimony, and the record shows that neither officer
testified that appellant=s wife said appellant had shot at the minivan.  Rather, the only testimony in the record
approximating such a statement is Officer Rowan=s
testimony that appellant=s wife stated that, while she was driving the minivan,
appellant=s daughter yelled, AHe is
going to shoot at us.@  Nonetheless, these
issues are not material to our holding because, assuming arguendo
that the trial court erroneously admitted statements by appellant=s wife and son that appellant fired a gun at them, the
same facts were proved by other evidence admitted without objection.